IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROMANCE GUNN,

                Plaintiff,

  v.

WARDEN LARRY FUCHS, DEPUTY WARDEN
GLASS, SECURITY DIRECTOR RYAN BLOUNT, CO
II BORTZ, CO II HILL, SERGEANT MOORE, and
CAPTAIN HINTON,

                Defendants.

OPINION and ORDER

25-cv-56-jdp

---

    Plaintiff Romance Gunn, proceeding without counsel, is currently incarcerated at Waupun Correctional Institution. Gunn alleges that when he was housed at Columbia Correctional Institution (CCI), defendants, all CCI employees, left him handcuffed in his cell even though he had a concussion and disregarded the risk that he would pass out. Gunn brings claims under the Eighth Amendment based on conscious disregard of medical needs and safety, along with a negligence claim under Wisconsin law.

    Gunn proceeds without prepaying the filing fee, so I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim for which I could grant relief, or seeks money damages from an immune defendant. I must accept Gunn's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint for failure to state a claim, but I will allow Gunn to amend the complaint to fix the problems identified in this order.

ALLEGATIONS OF FACT

On August 14, 2024, Gunn was diagnosed with a concussion stemming from an altercation. *See* Dkt. 1 at 1, 4; *Gunn v. Thielen*, 24-cv-919-jdp, Dkt. 13 at 2.

Nearly a month later, on September 11, 2024, defendants Sergeant Moore and Officer Bortz left Gunn handcuffed behind his back in his cell. As Moore and Bortz walked away, Gunn began yelling that he was handcuffed. Gunn continued to yell that he was "left with the handcuffs . . . [but] no correctional officers" came to remove them. Dkt. 1 at 4. The cell lacked an emergency call button.

Gunn eventually passed out. When he woke up, multiple officers were jumping on him, twisting his arms and legs, and yelling at him to stop resisting even though he was not resisting. Gunn was taken to the restrictive housing unit, where nurse Jill determined that he was still suffering from a concussion and dehydrated. Defendant Captain Hinton later learned that Moore and Bortz left Gunn handcuffed in his cell.

ANALYSIS

Under federal law, Gunn expressly brings: (1) an Eighth Amendment conscious-disregard-of-medical-needs claim against Moore, Bortz, defendant Hinton, and defendant Officer Hill based on their alleged disregard of the risk that he would pass out due to his concussion; and (2) an Eighth Amendment conscious-disregard-of-safety claim against Hinton, defendant Warden Fuchs, defendant Deputy Warden Glass, and defendant Security Director Blount based on their failure to ensure that there was an emergency call button in his cell. I also take Gunn to bring an Eighth Amendment conscious-disregard-of-safety claim against

2

Moore, Bortz, Hinton, and Hill based on their alleged disregard of the risk that he would pass out due to his concussion.

I do not take Gunn to bring an Eighth Amendment excessive force claim against the unnamed officers who jumped on him and twisted his arms and legs after he passed out even though he was not resisting. Even if Gunn sought to bring this claim, I would not allow him to proceed on it because he hasn't identified these individuals or named them as defendants in the complaint's caption. *See Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005).

Gunn sues defendants in their individual and official capacities, and he seeks damages. At the outset, I will dismiss Gunn's official-capacity claims. The basic rule is that an official-capacity claim is one against state officials for "prospective relief to enjoin ongoing violations of federal law." *See Sherwood v. Marchiori*, 76 F.4th 688, 693 (7th Cir. 2023). But Gunn's complaint involves past harm that occurred at his former prison; he doesn't describe an ongoing violation of his federal rights. I will not allow Gunn to proceed on his official-capacity claims. I will analyze only his individual-capacity claims for damages.

A. **Federal-law claims**

   1. **Medical care claim**

To state an Eighth Amendment medical care claim, Gunn must allege that he had an objectively serious medical need that defendants consciously disregarded. *See Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008). Conscious disregard requires that defendants are subjectively aware of the serious medical need. *See Cesal v. Moats*, 851 F.3d 714, 721 (7th Cir. 2017). That means that defendants knew of facts from which the inference could be drawn that a substantial risk of serious harm existed, and they actually drew that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

3

Gunn has not alleged any facts suggesting that Moore, Bortz, Hill, or Hinton realized that he had a concussion. The bare allegation that Gunn was yelling about being handcuffed does not support that inference. Even if Moore, Boritz, Hill, or Hinton realized that Gunn had a concussion, there are no facts plausibly suggesting that any of them thought that Gunn was likely to pass out or required medical care for it. Gunn had suffered the concussion almost a month earlier; on the limited facts it's implausible that any defendant thought that he continued to have serious symptoms from it. I will not allow Gunn to proceed on his medical care claim.

### 2. Conscious disregard of safety

#### a. Risk of passing out

The Eighth Amendment prohibits prison officials from consciously disregarding an excessive risk to prisoner safety. *See Farmer*, 511 U.S. at 837. To state a claim based on conscious disregard of safety, Gunn must plausibly allege that (1) he faced an objectively serious risk of harm that (2) defendants consciously disregarded. *See Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006). Again, conscious disregard means that defendants knew of facts from which the inference could be drawn that a substantial risk of serious harm existed, and they actually drew that inference. *Farmer,* 511 U.S. at 837.

Gunn has not alleged any facts suggesting that Moore, Bortz, Hill, or Hinton realized that Gunn would pass out. Again, there are no facts suggesting that any of these defendants realized that Gunn had a concussion. Even if these defendants realized that Gunn had a concussion, that fact alone doesn't plausibly suggest that they thought he would pass out, partly because he had suffered the concussion almost a month earlier. I will not allow Gunn to proceed on this claim.

4

### b. Lack of emergency call button

Gunn faults Fuchs, Glass, Blount, and Hinton for not ensuring that his cell had an emergency call button. The idea is that Gunn would not have passed out had his cell had an emergency call button. But Gunn hasn't alleged any facts plausibly suggesting that these defendants thought that the lack of an emergency call button would cause him to pass out. Also, it's implausible that the presence of an emergency call button would have stopped Gunn from passing out because he was handcuffed and would not have been able to activate it. I will not allow Gunn to proceed on this claim.

## B. State-law negligence claim

Gunn asks the court to exercise supplemental jurisdiction over his state-law negligence claim. When all federal claims have been dismissed, the general practice in federal court is to decline to exercise supplemental jurisdiction over the related state-law claims. *See Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). I'll follow that practice here and relinquish jurisdiction over Gunn's negligence claim without evaluating its merits. Gunn may replead this claim in the amended complaint.

## CONCLUSION

I will allow Gunn to file an amended complaint that fixes the above pleading problems. In drafting his amended complaint, Gunn should remember to:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in or cause a violation of his rights. Gunn must take care to allege what each defendant did, or failed to do, to violate his rights.

- Gunn should avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Gunn believes supports a claim, he should identify each defendant who took that action.

- Identify by full name all the individuals he wishes to sue in the amended complaint's caption.

- Omit legal arguments other than explaining what types of claims he wishes to assert.

ORDER

IT IS ORDERED that:

1. Plaintiff Romance Gunn's complaint, Dkt. 1, is DISMISSED for failure to state a claim.

2. Plaintiff may have until December 4, 2025, to submit an amended complaint that fixes the problems identified in this order.

3. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins to ensure readability.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If plaintiff fails to comply with this order, I may dismiss this case.

6. Plaintiff must inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed.

7. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

8. The clerk of court is directed to send plaintiff a copy of the court's prisoner complaint form.

Entered November 4, 2025.

                                              BY THE COURT:

                                              /s/
                                              _____
                                              JAMES D. PETERSON
                                              District Judge